IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ETHAN FARID JINIAN,
    aka Farid Khoujinian,

    Defendant.
_____/

No. CR-09-1103-JSW (EDL)

**ORDER DENYING RENEWED MOTION FOR RULE 15 DEPOSITION**

## I. Introduction

Criminal defendant Ethan Farid Jinian previously filed a motion to depose four witnesses located in Spain and Mexico pursuant to Federal Rule of Criminal Procedure 15. The Court denied the motion without prejudice because Mr. Jinian did not present any declarations or other evidence supporting his position that the witnesses in question had relevant information and would be willing to testify at a deposition but would be unwilling to testify at trial. Defendant has now brought a renewed motion with respect to one of the deponents sought previously and has included a declaration from that individual.[1] For the following reasons, the renewed motion is DENIED.

## II. Background

Defendant Jinian has been charged with fourteen counts of wire fraud under 18 U.S.C. § 1347, based on allegations that he embezzled funds without his employer's authorization. Defendant denies these charges and claims that the money was part of his agreed upon and promised

---

[1] Along with his reply, Defendant has submitted a "revised" declaration which is identical to the original declaration except that the trial date has been corrected to reflect a November 1, 2010 start date.

compensation. Defendant claims that Bricsnet, the company he worked for, was controlled and funded by a Spanish entity, owned by Hector Rodriquez ("Mr. Rodriquez"). According to Defendant, Mr. Rodriquez made periodic infusions of funds to Bricscnet in order to pay for ongoing operating expenses and payroll. Mr. Rodriquez also hired several key employees, including Defendant, and was intimately involved with and knowledgeable about Bricsnet's operations. Mr. Rodriguez was allegedly kept apprised of Bricsnet's operations through frequent telephone calls, meetings and company operating reports. Mr. Rodriquez claims to have not approved or authorized the payments that Defendant claims were not embezzled but instead his agreed-upon compensation. Defendant believes that the trial will ultimately come down to his word against Mr. Rodriquez's as to whether the payments were authorized.

In support of his defense, Defendant seeks to take deposition of Jorge Rodriguez (apparently no relation to Mr. Hector Rodriguez). Jorge Rodriguez's declaration states that he cannot attend trial of this matter due to family and business constraints. His declaration states that he is unavailable for trial on November 1 and does not have time to travel to the United States for the remainder of this year. Rodriguez Revised Decl. ¶ 3. However, Jorge Rodriguez states that he is willing to be deposed in Mexico City in September or October. Rodriguez Decl. ¶ 4. He further states that he can give testimony regarding the following facts: He is the director of a company based in Mexico City. That company had a distribution agreement with Bricsnet from 2006-2008 and he had numerous communications with Mr. Rodriguez regarding the agreement. Mr. Hector Rodriguez subsequently refused to acknowledge and honor the agreement, and he was not able to obtain payment of the amounts due from Bricsnet under the agreement. He had at least one meeting with Mr. Rodriguez and numerous telephone and email communications with Mr. Rodriguez, has "knowledge regarding the terms of the agreement and Bricsnet's refusal to honor the agreement, as stated to [him] by Hector Rodriguez." In his dealings with Mr. Rodriguez, Jorge Rodriguez "formed an opinion regarding his character" and "became aware of his reputation in the business community." Id. ¶ 5.

**III. Legal Standard**

Rule 15(a)(1) of the Federal Rules of Criminal Procedure specifies that a "party may move that a prospective witness be deposed in order to preserve testimony for trial . . . [in] exceptional

2

circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). Rule 15(a)(1), however, can only be used to depose one's own witness who is unable to attend trial and not merely for discovery, convenience or efficiency purposes. United States v. Fei Ye, 436 F.3d 1117, 1123-1124 (9th Cir. 2006). Generally, district courts retain broad discretion with respect to Rule 15(a)(1) motions and will allow depositions so long as the court finds that, "due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The Ninth Circuit has found that exceptional circumstances may exist when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice. United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998).

"Rule 15(a) does not require [a] *conclusive* showing of 'unavailability' or 'material' testimony before a deposition can be taken." Id. (emphasis added). However, materiality and unavailability of witnesses to testify at trial is relevant to a Rule 15 analysis, to the extent that there is "some showing beyond unsubstantiated speculation that evidence exculpates defendant." United States v. Kelley, 36 F.3d 1118, 1125 (D.C. Cir. 1994). The availability and willingness of witnesses to be deposed is another factor, among others, that courts must consider before granting a Rule 15 motion. United States v. Olafson, 213 F.3d 435, 442 (9th Cir. 2000). In one case, U.S. v. Trumpower, 546 F. Supp. 2d 849, 853-54 (E.D. Cal. 2008), the court found that percipient witnesses located in the UAE who were willing to be deposed in the UAE were "classic examples of the exceptional circumstances that bring a witness into the scope of Rule 15."

The Ninth Circuit has cautioned against confusing the prerequisites for taking a deposition under Rule 15 with the prerequisites for admitting a deposition into evidence. United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). However, other cases indicate that if deposition testimony will be inadmissible at trial, it should not be allowed under Rule 15. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1569-70 (9th Cir. 1989) (upholding a lower court's decision to reject a Rule 15 motion because of the witness' unwillingness to testify at a deposition and because some of the evidence was irrelevant and/or potentially inadmissible).

## IV. Discussion

Since Jorge Rodriguez is located in Mexico, he is not subject to the subpoena power of this Court, nor is it possible to require his testimony during trial. He states that he is unable to come to trial of the matter on November 1, 2010 through the end of the year. Revised Decl. ¶ 3. Therefore, he is "unavailable" to testify at trial. He also states unequivocally that he is willing to be deposed in Mexico. Rodriguez Decl. ¶ 4. These factors weigh in favor of allowing the deposition to proceed. However, Defendant has not adequately established that Jorge Rodriguez's testimony as explained in his declaration is material or admissible, or that there are any other "exceptional circumstances" justifying a Rule 15 deposition.

The parties dispute the applicable level of "materiality" required by Rule 15. Following the hearing on the motion, the parties provided the Court with additional briefing on the appropriate showing of materiality and the impact of U.S. v. Stever, 603 F.3d 747 (9th Cir. 2009), which appears to articulate a relatively low standard of relevancy for discovery sought pursuant to Criminal Rule of Civil Procedure 16. The government persuasively argues that Stever is not directly applicable because it concerns Rule 16, in which the issue is what information already in the government's possession should be turned over to the defendant, not whether, as in this case, a Rule 15 deposition in another country should proceed, based on a showing of, at best, marginal relevance. Further, most of the cases applying Rule 15 require a stronger showing of materiality than mere "relevance," and consider whether the deposition testimony is "highly relevant to a central issue in the case," U.S. v. Drogoul, 1 F.3d 1546 (11th Cir. 1993), or will yield "what may be crucial exculpatory testimony," U.S. v. Hernandez-Escarsega, 886 F.2d 1560, 1569 (9th Cir. 1989). The government contends that there has been no showing that Mr. Rodriguez's deposition testimony meets that standard, and that it does not even meet the lower relevance standard set forth in Stever because, as discussed below, there is no direct connection between the proposed testimony and Defendant's defense. Defendant counters that Stever is applicable, and there is no reason for a higher standard of materiality under Rule 15 than Rule 16. However, the Court agrees that one relevant difference between the two rules is that Rule 15 simply requires turning over evidence already in the government's possession, while Rule 16 involves a significant additional burden and expense by allowing a deposition, in this case

4

in a foreign country. Furthermore, Rule 15, unlike Rule 16(a)(1)(E)(I), imposes the requirements of "exceptional circumstances" and " in the interests of justice." Defendant has not satisfied the requirements of Rule 16.

First, in reaching this conclusion, the Court considered that Jorge Rodriguez' declaration is extremely vague as to the substance of his actual testimony. Specifically, the declaration states that Jorge Rodriguez "has formed an opinion" about Mr. Hector Rodriguez's character and "became aware of his reputation in the business community" but does not specify what his opinion is or what Mr. Hector Rodriguez's reputation is. Id. ¶ 5. The declaration does not describe in any detail the business dealing in question or how or why Mr. Rodriguez or Bricsnet refused to honor it. Defendant has not established its relevance or the likely admissibility of such deposition testimony.

Second, the declaration does not show that Jorge Rodriguez's situation is at all similar to Defendant's. The declaration does not state whether the contract between Jorge Rodriguez's company and Bricsnet was oral or written (though at oral argument defense counsel represented that it was verbal), what the agreement was about, whether Mr. Rodriguez negotiated the agreement and how he refused to honor it, and whether it was Mr. Rodriguez or Bricsnet that refused to honor the agreement. The arms length business deal between Jorge Rodriguez's company and Bricsnet seems to bear little similarity to the alleged side agreement between employer and employee that is the crux of Defendant's defense. Therefore, unlike in U.S. v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998), Mr. Rodriguez' testimony is not "crucial exculpatory evidence" that is central to Defendant's defense and in fact Defendant has not persuasively shown how it is even relevant.

With respect to admissibility, Defendant contends that this consideration is premature and should be considered by the trial court. However, admissibility is a factor that courts consider in determining whether to allow a Rule 15 deposition. FRE 608(a) requires that opinion and reputation evidence of character may refer only to "character for truthfulness or untruthfulness," and it is unclear from the declaration whether Jorge Rodriguez's opinion and knowledge of Mr. Rodriguez's reputation relate to truthfulness. Instead, it appears that the testimony will relate to a specific business dispute, a specific instance of conduct not allowed to be established by extrinsic evidence under FRE 608(b). Defendant counters that the testimony is more than a specific instance of

untruthfulness but also opinion and reputation evidence relating to truthfulness that is allowed under the rules. However, as discussed above, it is unclear what the opinion and reputation are so it is unclear whether any exception allowing evidence on these topics would apply. It is also unclear whether there is sufficient foundation for Jorge Rodriguez's opinion as required by FRE 701.

Defendant also argues that the evidence is admissible under FRE 404(a)(2), which provides that evidence of a "pertinent character trait of the alleged victim of the crime offered by the accused" may be admitted to show action in conformity therewith on a particular occasion. Defendant argues that, though the alleged victim is Bricsnet, the company can only act through its chairman, Hector Rodriguez, and therefore he is the victim and evidence of his character trait of untrustworthiness is admissible. However, Defendant has not cited any case extending Rule 404(a)(2) to allow evidence relating to the character of a corporate officer, and even if there were, his character as revealed to a distributor sheds little light on his character with respect to a high level employee. Defendant also relies on Rule 404(b), which provides an exception for evidence of other wrongs or acts, not to show action in conformity therewith, but "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Defendant argues that the testimony is probative of Mr. Rodriguez's pattern and plan of making agreements and then refusing to honor them. However, Defendant has not explained how the testimony of Jorge Rodriguez would serve any such function, as the fact that Hector Rodriguez allegedly failed to follow through on promises to an outside distributor does not necessarily show that he had a plan to fail to honor promises to the Defendant, a high level employee in his company.

Because Defendant has still not shown that Jorge Rodriguez's deposition will elicit material, admissible evidence, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 5, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge