IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ETHAN FARID JINIAN,
   aka Farid Khoujinian,

    Defendant.

_____/

No. CR-09-1103-JSW (EDL)

**ORDER DENYING EX PARTE MOTION FOR RULE 17 SUBPOENAS WITHOUT PREJUDICE BASED ON LACK OF NOTICE TO VICTIM PURSUANT TO FED. R. CRIM. P. 17(C)(3)**

Criminal defendant Ethan Farid Jinian has been charged with fourteen counts of wire fraud under 18 U.S.C. section 1347, based on allegations that he embezzled funds without his former employer, Bricsnet's, authorization. Mr. Jinian denies these charges and claims that the money was part of his agreed upon and promised compensation.

Defendant has filed an *ex parte* application for the issuance of two Federal Rule of Criminal Procedure 17(c) Subpoenas and requests filing under seal of the application and related papers, and issuance of a court order authorizing the issuance of the subpoenas without prior notice to Bricsnet pursuant to Local Criminal Rule 17-2(a). One subpoena is directed to the alleged corporate victim, Bricsnet, and seeks various corporate documents, and the other is directed to Bricsnet's outside counsel and seeks notes relating to a meeting between that individual and Defendant. The subpoena to Bricsnet appears to be at least somewhat overbroad under the standard set forth in U.S. v. Nixon, 418 U.S. 683, 700 (1974), which requires that a defendant show that the sought-after information is relevant, admissible and specific. The subpoena to counsel also appears to be somewhat overbroad and may also invade the attorney-client privilege. In any case, Defendant's *ex parte* application fails

for the threshold reason that he has not shown that issuance of a court ordered subpoena without prior notice to the alleged corporate victim, Bricsnet, is warranted under Federal Rule of Criminal Procedure 17(c)(3).

Federal rule of Criminal Procedure 17(c) provides that:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> (2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.
>
> (3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, <u>a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object</u>.

Fed. R. Crim. P. 17(c)(3) (emphasis added).

Local Criminal Rule 17-2(a) further specifies that:

> No subpoena in a criminal case may require the production of books, papers, documents or other objects in advance of the trial, hearing or proceeding at which these items are to be offered in evidence, unless the Court has entered an order pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.
>
> (1) An order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion pursuant to Crim. L.R. 47-2 or, for good cause, an *ex parte* motion without advance notice to the opposing party. An *ex parte* motion and order thereon may be filed under seal for good cause. A party requesting a subpoena must support its request by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed order.
>
> > *Cross Reference* This rule relieves the party filing an *ex parte* motion from providing advance notice of the motion to the opposing party as required by Crim. L.R. 47-3. However, subsection (e) below requires notice to the opposing party of a subpoena seeking personnel or complaint records from a law enforcement agency.
>
> (2) The Court will determine whether the material sought should be produced. In issuing an order granting the motion, the Court may place limits on the scope of the requested production.

These rules require that Defendant not only meet the standard of "good cause" for his *ex parte*

application for a criminal subpoena, i.e., without notice to the United States, but also meet the higher standard of "exceptional circumstances" required for production of personal or confidential information about a victim without advance notice to the victim.  Mr. Jinian's *ex parte* application for subpoenas seeks confidential business documents about Bricsnet, the alleged victim, without prior notice.  Yet Mr. Jinian does not mention, much less satisfy, the "exceptional circumstances" standard in his papers.  Although his declaration of counsel contends that disclosure of the application would divulge trial strategy,  much of the strategy that he contends will be revealed has already been made public in other documents publicly filed in this Court and at best may satisfy the good cause standard so as to avoid service of the motion on the Government.  Further, he acknowledges that the Government and Bricsnet have worked together during the prosecution of this case, so the Government is likely to find out about the subpoenas as soon as they are served.

Even assuming Defendant's declaration of counsel could be seen as establishing good cause, it does not set forth any exceptional circumstances that warrant ordering the subpoenas without advance notice to Bricsnet.  Therefore, Defendant's *ex parte* application is DENIED WITHOUT PREJUDICE.  If Defendant still wishes to pursue issuance of the subpoenas, he must provide advance notice of the subpoenas to Bricsnet as required by Rule 17(c)(3), as well as a copy of this Order.  Bricsnet shall have ten days from the date it receives notice to move to quash or modify the subpoenas or otherwise object if it wishes to do so.

**IT IS SO ORDERED.**

Dated: March 3, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

3