1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Criminal Chief

4   JEFFREY R. FINIGAN (CABN 168285)
    DENISE MARIE BARTON (MABN 634052)
5   Assistant United States Attorneys

6       450 Golden Gate Ave., Box 36055
        San Francisco, California 94102
7       Telephone:  (415) 436-7200
        Fax: (415) 436-7234
8       E-Mail: denise.barton@usdoj.gov

9   Attorneys for Plaintiff

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )   No. CR 09-1103 JSW
                                       )
15          Plaintiff,                 )
                                       )   **PROPOSED JOINT JURY**
16      v.                             )   **INSTRUCTIONS**
                                       )
17  ETHAN FARID JINIAN,                )
        a/k/a Farid Khoujinian,        )   Pretrial Conf.: April 4, 2011,
18                                     )   Time:          2:00 p.m.
                                       )
19          Defendant.                 )   Trial:         April 25, 2011
                                       )   Court:         Honorable Jeffrey S. White
20  _____)                  Courtroom 11, 19th Floor

21

22

23

24

25

26

27

28

Pursuant to the Court's Guidelines for Motions, Pretrial Conference, and Trial in Criminal Cases, the parties submit the Proposed Joint Jury Instructions.  In accordance with the Court's Guidelines, the parties have set forth herein a full Table of Contents of the Proposed Joint Jury Instructions, indicating the disputed instructions, but have not included the text of the stipulated preliminary instructions, general instructions, and concluding instructions.  A full set of instructions, including the full text of the stipulated preliminary instructions, general instructions, and concluding instructions will be submitted to the Court on CD-ROM simultaneous with this filing.

In the Table of Contents, and in the full set of instructions provided on CD-ROM, the parties have noted that certain instructions are to be given "if applicable."  *See* Instruction Nos. 14-17, 20-21, 31-32, 35-36.  Whether the instruction applies to in case will depend on the rulings of this Court at the Pretrial Hearing and as evidence is offered and admitted at trial.  Upon the Court's request, the parties will advise the Court in whatever form the Court seeks as to the applicability of these instructions.

In addition, although mindful of the Court's direction to complete all blanks in the instructions, insofar as the parties are still determining whether certain instructions are appropriate, the parties cannot yet complete the blanks in the following four instructions: Stipulated Instruction No. 14 Re Stipulated Testimony; Stipulated Instruction No. 17 Re Evidence for a Limited Purpose; Stipulated Instruction No. 32 Re Impeachment Evidence; and Stipulated Instruction No. 33 Re Testimony of Witnesses Involving Special Circumstances.  Upon determination of the applicability of and particular use of these instructions, the parties will provide the Court with an updated and complete proposed instruction.

//
//
//
//
//

1    Depending on the evidence adduced at trial, at the close of the evidence, the parties may

2    withdraw some of these requests or make requests for additional instructions.  Accordingly, the

3    parties respectfully reserve the right to request the withdrawal or addition of instructions.

4

5    DATED: March 21, 2011                              Respectfully submitted,

6

7                                                       MELINDA HAAG
                                                        United States Attorney
8

9    _____/s/_____
                                                        JEFFREY R. FINIGAN
10                                                      DENISE MARIE BARTON
                                                        Assistant United States Attorneys
11

12   _____/s/_____
                                                        ETHAN A. BALOGH
13                                                      Counsel for Ethan Farid Jinian

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF JURY INSTRUCTIONS**

| INSTRUCTION NO. | DESCRIPTION |
|---|---|
| 1 | Duty of Jury (Ninth Cir. Model Criminal Instr. 1.1[1]) |
| 2 | The Charge – Presumption of Innocence (Model Instr. 1.2) |
| | (**DISPUTED**) |
| 3 | What Is Evidence (Model Instr. 1.3) |
| 4 | What Is Not Evidence (Model Instr. 1.4) |
| 5 | Direct and Circumstantial Evidence (Model Instr. 1.5) |
| 6 | Ruling on Objections (Model Instr. 1.6) |
| 7 | Credibility of Witnesses (Model Instr. 1.7) |
| 8 | Conduct of the Jury (Model Instr. 1.8) |
| 9 | No Transcript Available to Jury (Model Instr. 1.9) |
| 10 | Taking Notes (Model Instr. 1.10) |
| 11 | Outline of Trial (Model Instr. 1.11) |
| 12 | Cautionary Instruction – First Recess (Model Instr. 2.1) |
| 13 | Bench Conferences and Recesses (Model Instr. 2.2) |
| 14 | Stipulated Testimony (Model Instr. 2.3)  (*if applicable*) |
| 15 | Stipulations of Fact (Model Instr. 2.4) (*if applicable*) |
| 16 | Other Crimes, Wrongs, or Acts of Defendant (Model Instr. 2.10) (*if applicable*) |
| 17 | Evidence for a Limited Purpose (Model Instr. 2.11) (*if applicable*) |
| 18 | Duties of Jury to Find Facts and Follow Law (Model Instr. 3.1) |
| 19 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof (Model Instr. 3.2) |

[1] All references to Instruction numbers refer to Ninth Circuit Model Criminal Jury Instructions, dated July 2010.

JOINT PROPOSED JURY INSTRUCTIONS,
UNITED STATES V. JINIAN, CR 09-1103 JSW

| INSTRUCTION NO. | DESCRIPTION |
|---|---|
| 20 | Defendant's Decision Not to Testify (Model Instr. 3.3) (*if applicable*) |
| 21 | Defendant's Decision to Testify (Model Instr. 3.4) (*if applicable*) |
| 22 | Reasonable Doubt – Defined (Model Instr. 3.5) (**DISPUTED**) |
| 23 | What Is Evidence (Model Instr. 3.6) |
| 24 | What Is Not Evidence (Model Instr. 3.7) |
| 25 | Direct and Circumstantial Evidence (Model Instr. 3.8) |
| 26 | Credibility of Witnesses (Model Instr. 3.9) |
| 27 | Activities Not Charged (Model Instr. 3.10) |
| 28 | Separate Consideration of Multiple Counts – Single Defendant (Model Instr. 3.11) |
| 29 | Intent to Defraud - Defined (Model Instr. 3.16) |
| 30 | Statements by Defendant (Model Instr. 4.1) |
| 31 | Other Crimes, Wrongs, or Acts of Defendant (Model Instr. 4.3) (*if applicable*) |
| 32 | Impeachment Evidence – Witness (Model Instr. 4.8) (*if applicable*) |
| 33 | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea (Model Instr. 4.9) (*if applicable*) |
| 34 | Opinion Evidence, Expert Witness (Model Instr. 4.14) (*if applicable*) (**DISPUTED**) |
| 35 | Summaries Not Received In Evidence (Model Instr. 4.15) (*if summaries are not admitted*) (*if applicable*) |
| 36 | Charts and Summaries Received In Evidence (Model Instr. 4.16) (*if summaries are admitted*) (*if applicable*) |

| INSTRUCTION NO. | DESCRIPTION |
|---|---|
| 37 | Knowingly Defined (Model Instr. 5.6) |
| 38 | Duty to Deliberate (Model Instr. 7.1) |
| 39 | Consideration of Evidence - Conduct of the Jury (Model Instr. 7.2) |
| 40 | Use of Notes (Model Instr. 7.3) |
| 41 | Jury Consideration of Punishment (Model Instr. 7.4) |
| 42 | Verdict Form (Model Instr. 7.5) (**DISPUTED**) |
| 43 | Communications With Court (Model Instr. 7.6) |
| 44 | Wire Fraud, 18 U.S.C. § 1343 (**DISPUTED**) |
| 45 | Wire Fraud, 18 U.S.C. § 1343 (Alternative) (**DISPUTED**) |
| 46 | Good Faith (**DISPUTED**) |

1

**Disputed Instruction No. 2**

2

**re The Charge - Presumption of Innocence**

3

**Offered By the United States**

4

5      This is a criminal case brought by the United States government. The government charges

6 the defendant with **14 counts of wire fraud**. The charges against the defendant are contained in

7 the indictment. The indictment simply describes the charges the government brings against the

8 defendant.  The indictment is not evidence and does not prove anything.

9

10     The defendant has pleaded not guilty to the charges and is presumed innocent unless and

11 until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the

12 defendant has the right to remain silent and never has to prove innocence or to present any

13 evidence.

14

15     In order to help you follow the evidence, I will now give you a brief summary of the

16 elements of the crimes which the government must prove to make its case:

17

18     **With regard to each count, in order for the defendant to be found guilty of that**

19 **charge, the government must prove each of the following elements beyond a reasonable**

20 **doubt:**

21

22     **First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or**

23 **plan for obtaining money or property by means of false or fraudulent pretenses,**

24 **representations, or promises;**

25

26     **Second, the statements made or facts omitted as part of the scheme were material;**

27 **that is, the statements made or facts omitted  had a natural tendency to influence, or were**

28

capable of influencing, a person to part with money or property;

**Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and**

**Fourth, the defendant used, or caused to be used, a wire communication in interstate commerce to carry out or attempt to carry out an essential part of the scheme.**

**In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.**

A wire communication in interstate commerce is caused when one knows that **a communication** will be **transmitted by wire** in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material **transmitted by wire** was itself false or deceptive so long as the **wire communication** was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.  **For a wire communication to be part of a scheme, the wire communication does not have to be an essential element of the scheme, it is sufficient if the wire communication was used to further the scheme, or was a step in the scheme.**

//
//
//
//
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  **Interstate wire communications include wire, radio, or television communications from one state to another. The term also includes a wire transfer of funds between financial institutions.**

Authority:  Ninth Cir. Model Criminal Instruction No.1.2; Ninth Cir. Model Criminal Instruction Nos. 8.121 and 8.124; 18 U.S.C. § 1343; First Circuit Criminal Instruction No. 4.13; *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004); *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989)(mail fraud); *United States v. Dowie*, Nos. 07-50069, 07-50072, 2010 WL 4904309 at *1-2 (9th Cir. December 2, 2010).

**Disputed Instruction No. 2**

**re The Charge - Presumption of Innocence**

**Offered By the Defendant**

     This is a criminal case brought by the United States government.  The government charges the defendant with **14 counts of wire fraud**. The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

     In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

*With regard to each count, in order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt*:

     *First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money by means of false or fraudulent pretenses, representations, or promises;*

     *Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;*

     *Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and*

     *Fourth, the defendant used, or caused to be used, interstate wire communications to carry out or attempt to carry out an essential part of the scheme.*

     In determining whether a scheme to defraud exists, you may consider now only the

1    defendant's words and statements, but also the circumstances in which they are used as a whole.

2         ***One causes the use of the interstate wire communications when one knows that***

3    ***interstate wire communications*** will be used in the ordinary course of business or when one can

4    reasonably foresee such use.  It does not matter whether the material sent by ***interstate wire***

5    ***communications*** was itself false or deceptive so long as the interstate wires were used as part of

6    the scheme, nor does it matter whether the scheme or plan was successful or that money was

7    obtained.

8

9    Authority:     Ninth Circuit Model Criminal Jury Instructions 8.121, 8.124; *United States v.*
                  *Bonanno*, 852 F.2d 434, 440 (9th Cir. 1988); *United States v. Vazquez-Botet*, 532

10                     F.3d 37, 63-4 (1st Cir. 2008); *United States v. Galbraith*, 20 F.3d 1054, 1057
                  (10th Cir. 1994); *United States v. Strickland*, 935 F.2d 822, 828 (7th Cir. 1991);

11                     *United States v. Griggs*, 569 F.3d 341, 344 (7th Cir. 2009); *United States v.*
                  *Birnie*, 193 Fed. App'x 528, 534-35 (6th Cir. 2006).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 22 Re Reasonable Doubt- Defined Offered by the United States**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority:       Ninth Cir. Model Criminal Instruction No. 3.5.

**Disputed Instruction No. 22 Re Reasonable Doubt- Defined Offered by the Defendant**

*The government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.*

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense. [**Portion omitted].** It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

*You may only find the defendant guilty if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty.  If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, you must give him the benefit of the doubt and find him not guilty*. [Changed from: If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.]

Authority:      Ninth Circuit Model Criminal Jury Instruction 3.5 (modified); *Victor v. Nebraska*, 511 U.S. 1, 26-27 (1994) (Ginsburg, J., concurring).

1

**Stipulated Instruction No. 29 re Intent to Defraud — Defined**

2

3      An intent to defraud is an intent to deceive or cheat.

4

5

6    Authority:      Ninth Cir. Model Criminal Instruction No. 3.16.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 34 Re Opinion Evidence, Expert Witness Offered By the Defense**

*(if applicable)*

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:       Ninth Cir. Model Criminal Instruction No. 4.14.

1

2

**Response by the United States to Disputed Instruction No. 34 Re Opinion Evidence, Expert Witness Offered By the Defense**

3

4      The United States does not believe that an instruction regarding expert witness testimony is

5   appropriate.  The defense has not offered notice under Fed. R. 16(b)(1)(C) of any expert witness

6   it intends to call.  To provide such notice at this date would be untimely.  Accordingly, any such

7   expert testimony offered by the defendant should be excluded, thereby rendering an the disputed

8   instruction unnecessary.  Unlike the other instructions herein listed as "if applicable," the United

9   States does not believe there are circumstances under which an expert witness, offered as part of

10  a case-in-chief, would be appropriate.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Stipulated Instruction No. 37 Re Knowingly - Defined**

3

4    An act is done knowingly if the defendant is aware of the act and does not act through

5    ignorance, mistake, or accident.  The government is not required to prove that the defendant

6    knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's

7    words, acts, or omissions, along with all the other evidence, in deciding whether the defendant

     acted knowingly.

8

9

10    Authority:       Ninth Cir. Model Criminal Instruction No. 5.6.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 42 Re Verdict Form Offered By the United States**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Authority:        Ninth Cir. Model Criminal Instruction No. 7.5.

1

**Disputed Instruction No. 42 Re Verdict Form Offered By the Defendant**

2

3      A verdict form has been prepared for you.  ***If and when*** you have reached unanimous

4    agreement on a verdict, your foreperson shall complete the verdict form according to your

5    deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7    Authority:      Ninth Circuit Model Criminal Instruction § 7.5 (modified).

1

2

3

**Disputed Instruction No. 44 Re Wire Fraud (18 U.S.C. § 1343) Offered By The United States**

4

5

The defendant is charged in **Counts One through Fourteen** of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

6

7

8

9

10

**Count One relates to an interstate wire communication made in connection with processing a check for $17,500 on or about March 4, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.**

11

12

13

14

15

**Count Two relates to an interstate wire communication made in connection with processing a check for $15,500 on or about March 4, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.**

16

17

18

19

20

**Count Three relates to an interstate wire communication made in connection with processing a check for $10,000 on or about March 21, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.**

21

22

23

24

25

**Count Four relates to an interstate wire communication made in connection with processing a check for $12,000 on or about April 4, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.**

26

27

**Count Five relates to an interstate wire communication made in connection with**

28

1  processing a check for $14,000 on or about April 4, 2008 between Mechanics Bank and

2  Silicon Valley Bank; documents relating to this transmission have been admitted into

3  evidence as part of Exhibit __.

4

5      Count Six relates to an interstate wire communication made in connection with

6  processing a check for $9,000 on or about April 4, 2008 between Mechanics Bank and

7  Silicon Valley Bank; documents relating to this transmission have been admitted into

8  evidence as part of Exhibit __.

9

10      Count Seven relates to an interstate wire communication made in connection with

11  processing a check for $ 25,500 on or about April 22, 2008 between Mechanics Bank and

12  Silicon Valley Bank; documents relating to this transmission have been admitted into

13  evidence as part of Exhibit __.

14

15      Count Eight relates to an interstate wire communication made in connection with

16  processing a check for $32,500 on or about May 1, 2008 between Mechanics Bank and

17  Silicon Valley Bank; documents relating to this transmission have been admitted into

18  evidence as part of Exhibit __.

19

20      Count Nine relates to a an interstate wire communication made in connection with

21  processing a check for $22,000 on or about May 15, 2008 between Mechanics Bank and

22  Silicon Valley Bank; documents relating to this transmission have been admitted into

23  evidence as part of Exhibit __.

24

25  //

26  //

27  //

28

JOINT PROPOSED JURY INSTRUCTIONS,
UNITED STATES V. JINIAN, CR 09-1103 JSW

21

**Count Ten** relates to an interstate wire communication made in connection with processing a check for $10,000 on or about June 6, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.

**Count Eleven** relates to an interstate wire communication made in connection with processing a check for $10,000 on or about June 18, 2008 from a bank account of Bricsnet FM America to a bank account of Ethan Farid Jinian; documents relating to this transmission have been admitted into evidence as part of Exhibit __.

**Count Twelve** relates to an interstate wire communication made in connection with processing a check for $23,000 on or about July 11, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.

**Count Thirteen** relates to an interstate wire communication made in connection with processing a check for $10,000 on or about July 15, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.

**Count Fourteen** relates to an interstate wire communication made in connection with processing a check for $25,000 on or about August 6, 2008 between Mechanics Bank and Silicon Valley Bank; documents relating to this transmission have been admitted into evidence as part of Exhibit __.

**With regard to each count**, in order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, **the statements made or facts omitted** had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, **a wire communication in interstate commerce** to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wire communication in interstate commerce is caused when one knows that **a communication** will be **transmitted by wire** in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material **transmitted by wire** was itself false or deceptive so long as the **wire communication** was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained. **For a wire communication to be part of a scheme, the wire communication does not have to be an essential element of the scheme, it is sufficient if the wire communication was used to further the scheme, or was a step in the scheme.**

//

//

1    **Interstate wire communications include wire, radio, or television communications from**

2    **one state to another.  The term also includes a wire transfer of funds between financial**

3    **institutions.**

4

5

6    Authority:    Ninth Cir. Model Criminal Instruction Nos. 8.121 and 8.124; 18 U.S.C. § 1343;

7    First Circuit Criminal Instruction No. 4.13; *United States v. Shipsey*, 363 F.3d

8    962, 971 (9th Cir. 2004); *Schmuck v. United States*, 489 U.S. 705, 710-11

9    (1989)(mail fraud); *United States v. Dowie*, Nos. 07-50069, 07-50072, 2010 WL

10   4904309 at *1-2 (9th Cir. December 2, 2010).

1    **Disputed Instruction No. 44 Re Wire Fraud (18 U.S.C. § 1343) Offered By The Defendant**

2

3    The defendant is charged in Counts One through Fourteen of the indictment with wire fraud

4    in violation of Section *1343* of the United States Code.  In order for the defendant to be found

5    guilty of that charge, the government must prove each of the following elements beyond a

6    reasonable doubt:

7    First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for

8    obtaining money by means of false or fraudulent pretenses, representations, or promises;

9    Second, the statements made or facts omitted as part of the scheme were material, that is,

10   they had a natural tendency to influence, or were capable of influencing, a person to part with

11   money or property;

12   ***Third, the persons to whom the statements were made, or from whom the facts were***

13   ***omitted, relied on those statements;***

14   Fourth, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat;

15   and

16   Fifth, the defendant used, or caused to be used, ***interstate wire communications*** to carry out

17   or attempt to carry out an essential part of the scheme.

18   In determining whether a scheme to defraud exists, you may consider now only the

19   defendant's words and statements, but also the circumstances in which they are used as a whole.

20   ***One causes the use of interstate wire communications*** when one knows that ***interstate wire***

21   ***communications*** will be used in the ordinary course of business or when one can reasonably

22   foresee such use.  It does not matter whether the material sent by ***interstate wire***

23   ***communications*** was itself false or deceptive so long as ***interstate wire communications*** were

24   //

25   //

26   //

27   //

28

1   used as part of the scheme, nor does it matter whether the scheme or plan was successful or that

2   money was obtained.

3   Authority:        Ninth Circuit Model Criminal Jury Instructions 8.121, 8.124; *U.S. v. Bonanno*,

4                     852 F.2d 434, 440 (9th Cir. 1988); *U.S. v. Vazquez-Botet*, 532 F.3d 37, 63-4 (1st

5                     Cir. 2008); *U.S. v. Galbraith*, 20 F.3d 1054, 1057 (10th Cir. 1994); *U.S. v.

6                     Strickland,* 935 F.2d 822, 828 (7th Cir. 1991); *U.S. v. Griggs*, 569 F.3d 341, 344

7                     (7th Cir. 2009); *U.S. v. Birnie*, 193 Fed. App'x 528, 534-35 (6th Cir. 2006).

1    **Disputed Instruction No. 45 Re Wire Fraud (Alternative) Offered By The Defendant**

2

3    The defendant is charged in Counts One through Fourteen of the indictment with wire fraud

4    in violation of Section *1343* of the United States Code.  In order for the defendant to be found

5    guilty of that charge, the government must prove each of the following elements beyond a

6    reasonable doubt:

7    First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for

8    obtaining money by means of false or fraudulent pretenses, representations, or promises;

9    Second, the statements made or facts omitted as part of the scheme were material, that is,

10   they had a natural tendency to influence, or were capable of influencing, a person to part with

11   money or property;

12   Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat;

13   and

14   Fourth, the defendant used, or caused to be used, ***interstate wire communications*** to carry

15   out or attempt to carry out an essential part of the scheme.

16   In determining whether a scheme to defraud exists, you may consider now only the

17   defendant's words and statements, but also the circumstances in which they are used as a whole.

18   ***One causes the use of the interstate wire communications*** when one knows that ***interstate***

19   ***wire communications*** will be used in the ordinary course of business or when one can reasonably

20   foresee such use.  It does not matter whether the material sent by ***interstate wire***

21   ***communications*** was itself false or deceptive so long as the interstate wires were used as part of

22   //

23   //

24   //

25   //

26   //

27   //

28

the scheme, nor does it matter whether the scheme or plan was successful or that money was obtained.

Authority:    Ninth Circuit Model Criminal Jury Instructions 8.121, 8.124; *United States v. Bonanno*, 852 F.2d 434, 440 (9th Cir. 1988); *United States v. Vazquez-Botet*, 532 F.3d 37, 63-4 (1st Cir. 2008); *United States v. Galbraith*, 20 F.3d 1054, 1057 (10th Cir. 1994); *United States v. Strickland,* 935 F.2d 822, 828 (7th Cir. 1991); *United States v. Griggs*, 569 F.3d 341, 344 (7th Cir. 2009); *United States v. Birnie*, 193 Fed. App'x 528, 534-35 (6th Cir. 2006).

1

**Response by the United States to Disputed Instruction No. 45 Re Wire Fraud (Alternative)**

**Offered By The Defendant**

The United States believes that Disputed Instruction No. 44 Re Wire Fraud Offered By The United States Disputed is the proper instruction for wire fraud for the reasons set forth in its Memorandum of Law in Support of Instruction No. 44 Offered By the United States and in Opposition to Disputed Instruction No. 45 Offered By the Defendant.

**Disputed Instruction No. 46 re Good Faith Offered by the Defendant**

The good faith of a defendant is a complete defense to the charges in the indictment because good faith on the part of the defendant is simply inconsistent with the fraudulent intent alleged in the charges.  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes charged in the indictment.  An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  In contrast, a defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes material false or fraudulent pretenses, representations, or promises to others.  While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill-will, and an intention to avoid taking unfair advantage of another.  The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.  In determining whether or not the Government has proven beyond a reasonable doubt that the defendant acted with fraudulent intent or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.  If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted with an intent to defraud or acted in good faith, the jury must acquit that defendant.

Authority:  *United States v. Amlani*, 111 F.3d 705, 717-18 (9th Cir. 1997); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004), *amended* 413 F.3d 928 (9th Cir. 2005).

**Response By the United States to Disputed Instruction No. 46 re Good Faith Offered by Defendant**

The United States does not believe that an instruction regarding good faith should be given for the reasons set forth in its Memorandum of Law in Opposition to Disputed Instruction No. 46 Offered By the Defendant.