1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   UNITED STATES OF AMERICA,

10              Plaintiff,                          No. CR 09-01103 JSW

11      v.                                          **FINAL JURY INSTRUCTIONS**

12   ETHAN FARID JINIAN,

13              Defendant.

14   _____/

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You have been provided with a copy of these instructions and you may consult them in the jury room.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court

For the Northern District of California

2

**Charge Against Defendant Not Evidence-Presumption of Innocence- Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**United States District Court**
For the Northern District of California

**Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**Reasonable Doubt**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

      (1)     the sworn testimony of any witness;

      (2)     the exhibits received in evidence; and

      (3)     any facts to which the parties have agreed.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

(3)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

**Stipulations of Fact**

2

      The parties have agreed to certain facts that have been stated to you.  You should

3

therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

10

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

United States District Court

For the Northern District of California

**Separate Consideration of Multiple Counts - Single Defendant**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

**Other Crimes, Wrongs, or Acts of Defendant**

2      You have heard evidence that the defendant committed other acts not charged here.

3   Specifically, you have heard evidence relating to the defendant's alleged failure to list money

4   received from Bricsnet on his tax returns and his alleged failure to pay taxes on that money.

5   You may consider this evidence only for its bearing, if any, on the question of the defendant's

6   knowledge and intent in commission of the alleged wire fraud offenses and for no other

7   purpose.

8      In addition, you have heard evidence relating to a personal debt allegedly owed by the

9   defendant to Mr. Jerry Shinn, and the defendant's alleged payment of that debt using Bricsnet

10  money.  You may consider this evidence only for its bearing, if any, on the question of the

11  defendant's intent, opportunity, and plan in commission of the alleged wire fraud offenses and

12  for no other purpose.

13     Finally, you have heard evidence relating to the defendant's alleged use of Bricsnet

14  credit cards for expenses that the Government alleges were personal.  You may consider this

15  evidence only for its bearing, if any, on the question of the defendant's motive, intent,

16  opportunity, and plan in commission of the alleged wire fraud offenses and for no other

17  purpose.

18

19

20

21

22

23

24

25

26

27

28

**Charts and Summaries In Evidence**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**Wire Fraud (18 U.S.C. § 1343)**

The defendant is charged in Counts One through Fourteen of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  You will receive a Verdict Form that will provide additional detail relating to each of these counts.

With regard to each of these fourteen counts, in order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money  by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, the statements made had a natural tendency to influence, or were capable of influencing, a person to part with money;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication in interstate commerce to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole. In addition, in determining whether or not the defendant acted with an intent to defraud, you may consider whether or not the defendant had a good faith belief in the truthfulness of the representations made by him or a good faith belief that the payments or disbursements were authorized;

A wire fraud involves the use of wire in interstate commerce.  An interstate wire communication includes a wire transmission so long as it goes across a state line.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the information wired was itself false or deceptive so long as the wire was used as part of the

scheme, nor does it matter whether the scheme or plan was successful or that any money was

obtained.

**United States District Court**
For the Northern District of California

**Intent to Defraud — Defined**

An intent to defraud is an intent to deceive or cheat.

**Knowingly - Defined**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court

For the Northern District of California

1

**Duty to Deliberate**

2    When you begin your deliberations, elect one member of the jury as your foreperson

3  who will preside over the deliberations and speak for you here in court.

4    You will then discuss the case with your fellow jurors to reach agreement if you can do

5  so.  Your verdict, whether guilty or not guilty, must be unanimous.

6    Each of you must decide the case for yourself, but you should do so only after you have

7  considered all the evidence, discussed it fully with the other jurors, and listened to the views of

8  your fellow jurors.

9    Do not be afraid to change your opinion if the discussion persuades you that you should.

10  But do not come to a decision simply because other jurors think it is right.

11    It is important that you attempt to reach a unanimous verdict but, of course, only if each

12  of you can do so after having made your own conscientious decision. Do not change an honest

13  belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

### Consideration of Evidence – Conduct of the Jury

2      Because you must base your verdict only on the evidence received in the case and on

3    these instructions, I remind you that you must not be exposed to any other information about the

4    case or to the issues it involves.  Except for discussing the case with your fellow jurors during

5    your deliberations:

6      Do not communicate with anyone in any way and do not let anyone else communicate

7    with you in any way about the merits of the case or anything to do with it.  This includes

8    discussing the case in person, in writing, by phone, cell-phone, Blackberries, or electronic

9    means, via e-mail, text messaging, Twitter, or in or on any Internet chat room, blog, website

10   (including such social networking websites as Facebook, My Space, LinkedIn, and You Tube)

11   or other feature.  This applies to communicating with your family members, your employer, the

12   media or press, and the people involved in the trial.  If you are asked or approached in any way

13   about your jury service or anything about this case, you must respond that you have been

14   ordered not to discuss the matter and to report the contact to the court.

15     Do not read, watch, or listen to any news or media accounts or commentary about the

16   case or anything to do with it; do not do any research, such as consulting dictionaries, searching

17   the Internet or using other reference materials; and do not make any investigation or in any

18   other way try to learn about the case on your own.

19     The law requires these restrictions to ensure the parties have a fair trial based on the

20   same evidence that each party has had an opportunity to address.  A juror who violates these

21   restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

22   require the entire trial process to start over.  If any juror is exposed to any outside information,

23   please notify the court immediately.

24

25

26

27

28

United States District Court

For the Northern District of California

1

**Use of Notes**

2          Some of you have taken notes during the trial.  Whether or not you took notes, you

3    should rely on your own memory of what was said.  Notes are only to assist your memory.  You

4    should not be overly influenced by your notes or those of your fellow jurors.

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

United States District Court

For the Northern District of California

**Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

United States District Court

For the Northern District of California

**Communications With Court**

    If it becomes necessary during your deliberations to communicate with me, you may send a note through my Courtroom Deputy, Ms. Ottolini, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question  submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

    **IT IS SO ORDERED.**

Dated: May 24, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE